IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,513






EX PARTE FREDERICK JORDAN BATTS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1091244-B IN THE 232ND JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized criminal activity and sentenced to twenty-five years' imprisonment. The Fourteenth Court
of Appeals affirmed his conviction. Batts v. State, No. 14-07-00865-CR (Tex. App. - Houston [14th
Dist.] November 17, 2009). 

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel failed to timely notify Applicant that his conviction had been affirmed, thereby
denying Applicant the opportunity to petition this Court for discretionary review. 

 Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court
has entered findings of fact and conclusions of law that appellate counsel failed to notify Applicant
of his right to petition for discretionary review pro se, advising him instead that he saw no grounds
for a petition for discretionary review. The trial court recommends that relief be granted. Ex parte
Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). We find, therefore, that Applicant is entitled to the
opportunity to file an out-of-time petition for discretionary review of the judgment of the Fourteenth
Court of Appeals in Cause No. 14-07-00865-CR that affirmed his conviction in Case No. 1091244
from the 232nd Judicial District Court of Harris County. Applicant shall file his petition for
discretionary review with the Fourteenth Court of Appeals within 30 days of the date on which this
Court's mandate issues.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex.
Crim. App. 1997).


Delivered: March 9, 2011

Do not publish